IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RAYMOND M. DeCOSTA,**  CV 03-1756-BR

    **Plaintiff,**  OPINION AND ORDER

v.

**WARDEN CHARLES DANIELS and
ROCHELLE WOODS,**

    **Defendants.**

**RAYMOND M. DeCOSTA**
4742 16th Avenue N.E.
Seattle, WA 98105
(206) 527-3132

    **Plaintiff,** *Pro se*


**KARIN J. IMMERGUT**
United States Attorney
**CRAIG J. CASEY**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1028

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#24).

In his Complaint, Plaintiff Raymond M. DeCosta asserts claims for damages against Defendants Charles Daniels and Rochelle Woods in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges Defendants violated his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when they denied Plaintiff's request for dental care.

For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## FACTS

On December 12, 2004, Plaintiff filed a motion for an extension of time to file a response to Defendants' Motion. The Court granted Plaintiff's Motion and allowed Plaintiff until January 19, 2005 to file his response. The Court's Order allowing the extension of time was returned as undeliverable. On January 24, 2005, the Court issued an Order to Show Cause why the case should not be dismissed due to Plaintiff's failure to notify the clerk's office of his current address. The Court ordered Plaintiff to file a notice of change of address within 45 days.

2 - OPINION AND ORDER

Plaintiff subsequently provided the Clerk of the Court with a current address, the Court withdrew the Order to Show Cause, and granted Plaintiff until February 28, 2005, to file his response to Defendants' Motion. Plaintiff, however, failed to respond to Defendants' Motion for Summary Judgment. Accordingly, the Court deems admitted the facts set forth in Defendants' Concise Statement of Material Facts. *See* LR 56.1(f).[1]

Plaintiff was convicted of Bank Robbery in violation of 18 U.S.C. § 2113(a). On June 4, 1994, he was sentenced in the Western District of Washington to a term of 151 months imprisonment to be followed by a three-year term of supervised release. His projected release date was December 13, 2004, via Good Conduct Time release.

At the times material to this action, Plaintiff was an inmate at the Federal Correctional Institution at Sheridan,

---

[1] Defendants' Concise Statement of Material Facts is technically deficient in that Defendants did not set forth the facts "essential for the court to decide" Defendants' Motion. See LR 56.1(a)(2). Instead Defendants set forth primarily the ultimate conclusions they would like the Court to draw from the undisputed facts. For example, in paragraphs 3 and 4 of the Concise Statement, Defendants state they did not "intentionally and deliberately ignore or act indifferently toward plaintiff's dental needs." The Affidavits attached to the Concise Statement, however, contain the facts necessary to support Defendants' assertion. Because Plaintiff did not respond to Defendants' Motion, the Court finds it would be pointless to require Defendants to correct their technical error. The Court, therefore, will accept the facts as stated in the Affidavits attached to Defendants' Concise Statement as the undisputed facts for purposes of this Motion.

3 - OPINION AND ORDER

Oregon (FCI Sheridan). At all material times, Defendant Charles Daniels was Warden at FCI Sheridan and his only contact with Plaintiff was in his official capacity as Warden. At all material times, Defendant Rochelle Woods was a dental lab technician at FCI Sheridan and her only contact with Plaintiff was in her official capacity.

On June 4, 1999, Plaintiff arrived at FCI Sheridan. FCI Sheridan was staffed with only one dentist, and, therefore, only emergency dental services were provided to inmates on a priority basis and routine dental services were provided as resources became available. On July 20, 2001, Plaintiff was placed on the waiting list to receive partial plates, which were considered routine dental care.

On March 30, 2003, Plaintiff submitted an Inmate Request to Staff in which he asked how much longer before he would be seen by a dentist for his partial plates. On April 4, 2003, Defendant Wood responded to Plaintiff's request with one line: "No routine care at this time." On September 2, 2003, Daniels responded to Plaintiff's Request for Administrative Remedy. Daniels explained that Plaintiff's request for partial plates was classified routine dental care and Plaintiff was on the list to receive routine dental care. Daniels also advised Plaintiff to report to Health Services during sick call if he was experiencing discomfort, pain, or swelling. On September 24, 2003, Plaintiff

submitted another Inmate Request to Staff in which he asked where he was "according to the chronological entry date on the routine dental care list?" On October 10, 2003, Woods responded: "You are still on the list. However with only 1 dentist and a complex of this size we can only see emergency sick call." Woods's responses to Plaintiff's written Inmate Requests constituted her only involvement with Plaintiff.

On July 15, 2004, Plaintiff was transferred to the Pioneer Fellowship House in Seattle, Washington.

On July 30, 2004, Carol Aslam, D.D.S., mailed Plaintiff's dentures to him at the Pioneer Fellowship House. Dr. Aslam is the Chief Dental Officer at FCI Sheridan. Dr. Aslam reviewed Plaintiff's dental treatment records from FCI Sheridan and rendered her professional opinion that Plaintiff received appropriate and necessary dental services.

At the time Defendants filed their Motion, Plaintiff was approved to be placed in home confinement on or about November 2, 2004. The record does not contain any facts concerning Plaintiff's current release status.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving

5 - OPINION AND ORDER

party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

"[I]f a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own. If in that circumstance the plaintiff fails to produce evidence, the district court is not required (or even allowed) to assume that the challenged factual allegations in the plaintiff's complaint are true." *Butler v. San Diego Dist. Attorney's Office,* 370 F.3d 956, 963 (9th Cir. 2004).

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

## DISCUSSION

Plaintiff alleges his Eighth Amendment right to be free from cruel and unusual punishment was violated because he was denied appropriate dental care. Specifically, Plaintiff alleges he

6 - OPINION AND ORDER

needed dental plates to allow him to eat properly, and Defendants did not provide such plates.

The Eighth Amendment prohibition against "cruel and unusual punishment" applies to conditions of confinement that are not formally imposed as a sentence for a crime. *Helling v. McKinney*, 509 U.S. 25, 29-30 (1993)(citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). The Eighth Amendment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

> To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test. First, there must be a demonstration that the prison official deprived the prisoner of the minimal civilized measure of life's necessities. Second, a prisoner must demonstrate that the prison official acted with deliberate indifference in doing so.

*Id.* (internal quotation and citation omitted).

A prison official acts with deliberate indifference only if the official "knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002). A defendant acts with deliberate indifference only if 1) the defendant is aware of facts from which an inference could be drawn that a substantial risk of serious harm to the prisoner exists, and 2) the defendant actually draws that inference. *Toguchi*, 391 F.3d at 1057 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

7 - OPINION AND ORDER

The defendant's awareness and disregard of serious risk to a prisoner may be shown either directly or circumstantially. To survive a motion for summary judgment on the issue of deliberate indifference, however, a plaintiff must "put forward specific, nonconclusory factual allegations that establish improper motive" for the defendant's actions or omissions. *Jeffers v. Gomez*, 267 F.3d 895, 911 (9th Cir. 2001)(internal quotations and citations omitted).

Here Defendants have presented evidence to support their assertion that they did not intentionally deprive Plaintiff of necessary dental care. Plaintiff, however, has not presented any evidence to controvert Defendants' evidence or to support Plaintiff's claims. In addition, the record does not contain any evidence from which the Court can conclude Defendants violated Plaintiff's Eighth Amendment rights. Accordingly, based on this record, the Court concludes Defendants are entitled to summary judgment.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion for

Summary Judgment (#24).

    IT IS SO ORDERED.

    DATED this 26th day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge